UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EARL JOHNSON,

      Plaintiff,

v.                              Case No. 8:09-cv-2095-T-33MAP

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

      Defendant.
_____/

**<u>ORDER</u>**

This matter is before the Court pursuant to Plaintiff's Amended Motion to Dismiss Counterclaim (Doc. # 12, the "Motion"), filed February 11, 2010. Defendant filed its response in opposition to the Motion (Doc. # 15) on March 11, 2010. For the reasons that follow, the Motion is due to be denied.

**I.   Factual and Procedural Background**

Plaintiff Earl Johnson was covered by an "employee welfare benefit plan" sponsored by his employer. (Doc. # 1 at ¶ 5). The plan's long-term disability ("LTD") insurance policy was administered by Defendant Hartford. (<u>Id.</u> at ¶ 4). Mr. Johnson received LTD benefits from October 15, 2005, through March 2, 2009. (Doc. # 5 at 6). However, the plan administrator issued a final decision discontinuing Mr.

1

Johnson's disability benefits on October 10, 2009. (Doc. # 15 at 4). The administrative record closed on that date. (Id.).

After pursuing administrative remedies, Mr. Johnson filed a Complaint on October 15, 2009, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., and specifically § 1132(a)(1)(B). (Doc. # 1 ¶ 17). Mr. Johnson alleges that he was and is disabled, yet Hartford refused to pay him benefits and subjected him to an unreasonable claims process. (Id. at ¶ 20-22). Mr. Johnson further seeks a declaration clarifying his rights to benefits under the plan. (Id. at ¶ 30).

On December 14, 2009, Defendant Hartford filed an Answer to Mr. Johnson's Complaint and a Counterclaim for unjust enrichment and enforcement of an equitable lien to recover overpayment of benefits. (Doc. # 5 at 5, the "Counterclaim"). Hartford avers that Mr. Johnson was awarded Primary Social Security Disability benefits effective November 1, 2007, while receiving LTD benefits that were not reduced by his potential award of Social Security Benefits.[1] (Id. at 6).

---

[1] The policy provides that LTD benefits shall be reduced by the amount of "Other Income Benefits" received by the claimant, including Social Security benefits. (Doc. # 15 at 1-2). Mr. Johnson had the option of reducing his LTD benefits in anticipation of receiving Social Security benefits or refunding to Hartford any overpayment. (Id. at 2).

Mr. Johnson executed a LTD Payment Options and Reimbursement Agreement (the "Reimbursement Agreement") on or about November 17, 2005, obligating him to repay to Hartford any overpayment of benefits resulting from receipt of Social Security benefits.[2] (Id. at 5-6). Mr. Johnson has failed to do so. (Id. at 6). As of the date of the Counterclaim, Mr. Johnson owed Hartford $15,968.09 plus interest. (Id.)

Count I of the Counterclaim alleges that Mr. Johnson has been unjustly enriched by failing to reimburse Hartford for the overpayment. (Id. at 8). In Count II, Hartford seeks to enforce an equitable lien imposed by the policy and the Reimbursement Agreement. (Id. at 8-9).

Mr. Johnson filed his Amended Motion to Dismiss Counterclaim on February 11, 2010. (Doc. # 12). Hartford filed its response in opposition to the Motion on March 11, 2010. (Doc. # 15). The Motion is ripe for the Court's review.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth

---

[2] The Reimbursement Agreement includes Mr. Johnson's acknowledgment that a lump sum repayment of any overpayment would be required. (Id.)

Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.")

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

### III. Analysis

Mr. Johnson asks this Court to dismiss Hartford's Counterclaim because it is improperly based upon evidence outside the administrative record relied upon by the plan administrator in deciding to discontinue payment of LTD

benefits.³ (Doc. # 12 at 1). Because "evidence beyond the administrative record cannot be employed" in this action, Mr. Johnson asserts that Hartford has failed to state a claim upon which relief may be granted. (Id. at 2).

In support of his argument, Mr. Johnson cites Menard v. Hartford, 260 F. Appx. 205 (11th Cir. 2007). In Menard, the appellate court found that the district court improperly relied upon a Social Security determination that was issued after the plan administrator reached a final decision – and thus outside the administrative record. Id. at 206.

However, the district court in Menard was considering a claimant's complaint that he had been improperly denied benefits by the plan administrator.⁴ Id. Because this Court is not considering Mr. Johnson's Complaint to recover benefits

---

³ Mr. Johnson states that "Hartford's Counterclaim appears to be based on a letter attached to its Counterclaim," therefore "Hartford's support for its Counterclaim post-dates the closing of the administrative record." (Doc. # 12 at 1). Hartford acknowledges that it sent a letter dated November 20, 2009, to Mr. Johnson's counsel advising of the overpayment debt. (Doc. # 15 at 4). However, Hartford states that its Counterclaim is based upon the Reimbursement Agreement and Mr. Johnson's receipt of Social Security benefits, which pre-date the final benefits decision. (Id.).

⁴ The court emphasized that "[u]nder heightened arbitrary and capricious review, evidence outside the administrative record cannot be used to reverse an ERISA plan administrator's denial decision." Id. at 206.

5

but rather Hartford's Counterclaim to recoup overpayment, the Court finds <u>Menard</u> legally and factually inapposite to the present action.

When a claimant sues for LTD benefits under ERISA, the plan administrator may file a counterclaim for any outstanding overpayment of benefits. <u>Fick v. Metro. Life Ins. Co.</u>, 347 F. Supp. 2d 1271, 1288-89 (S.D. Fla. 2004). Such an action is an equitable claim considered separately from the claimant's ERISA action. <u>See e.g.</u> <u>Onofrieti v. Metro. Life Ins. Co.</u>, 320 F. Supp. 2d. 1250, 1252-1256 (M.D. Fla. 2004). Viewing the Counterclaim in the light most favorable to Hartford, the Court finds that Hartford can prove elements that would entitle it to equitable relief.

Accordingly, it is

**ORDERED ADJUDGED and DECREED** that**:**

Plaintiff's Amended Motion to Dismiss Counterclaim (Doc. # 12) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u> day of June 2010.

/s/ Virginia M. Hernandez Covington<br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record